UNITED STATES v. VAN HORN et al.

(District Court, D. Colorado. June 12, 1912.)

No. 5,860.

1. Public Lands (§ 47*)—Reservation of Right of Way for Ditches and Canals—Validity and Effect.

The provision of Act Aug. 30, 1890, c. 837, § 1, 26 Stat. 391 (U. S. Comp. St. 1901, p. 1570), that in all patents for lands thereafter taken up un-

der any of the land laws west of the one hundredth meridian, it shall be expressed that there is reserved from the lands a right of way thereon for ditches or canals constructed by the authority of the United States, must be construed in the light of the known purpose of the government to reclaim its arid lands by conducting water upon them, and the provision is not void for indefiniteness because the right of way reserved is not specifically described but is within the undoubted powers of Congress and valid, and all subsequent entrymen took their lands subject to the right of the United States to construct ditches and canals over it whenever and wherever required in carrying out any of its reclamation projects.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 133, 137; Dec. Dig. § 47.*]

2. PUBLIC LANDS (§ 47*)—RESERVATION OF RIGHT OF WAY FOR DITCHES AND CANALS—UNALLOTTED INDIAN LANDS.

Act June 15, 1880, c. 223, § 3, 21 Stat. 203, providing for allotment in severalty of lands of the Ute Indian Reservation in Colorado, further provides that "all lands not so allotted shall be held and deemed to be public lands of the United States and subject to disposal under the laws providing for the disposal of the public lands at the same price and on the same terms as other lands of like character, * * * provided that * * * said lands * * * shall be subject to cash entry only in accordance with existing law." *Held*, that it was competent for Congress to change the manner of disposition of such lands in so far as third parties were concerned, and that persons taking pre-emptions thereon after the passage of Act Aug. 30, 1890, c. 837, § 1, 26 Stat. 391 (U. S. Comp. St. 1901, p. 1570), reserving from all public lands thereafter taken up right of way for ditches and canals constructed by authority of the United States, took subject to such provision.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 133, 137; Dec. Dig. § 47.*]

3. COURTS (§ 493*)—ACTIONS BY—PRIOR JUDGMENT AS BAR.

An injunction issued by a state court in a suit brought against the engineer in charge of a government irrigation project and his foreman, as individuals, restraining the defendants and all persons under their control from entering upon certain lands and constructing a government canal across the same, is not a bar to a suit in a federal court by the United States to establish its right to construct such canal under the reservation of right of way therefor contained in Act Aug. 30, 1890, c. 837, § 1, 26 Stat. 391 (U. S. Comp. St. 1901, p. 1570), and to enjoin the owners of said lands, which were acquired under the public land laws after the passage of such act, from interfering with such construction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1346–1352; Dec. Dig. § 493.*]

4. WATERS AND WATER COURSES (§ 33*)—RIGHTS OF WAY FOR DITCHES—JURISDICTION—PROTECTION OF EASEMENT.

Equity has jurisdiction of a suit by the United States against the owners of lands acquired under the public land laws after the passage of Act Aug. 30, 1890, c. 837, § 1, 26 Stat. 391 (U. S. Comp. St. 1901, p. 1570), to enjoin them from interfering with its construction of an irrigation canal over such lands under the reservation of right of way therefor contained in said act.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 23–26; Dec. Dig. § 33.*]

In Equity. Suit by the United States against Martin Van Horn and others. On motion for preliminary injunction. Motion granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Harry Eugene Kelly, Dist. Atty., and Ethelbert Ward, of Denver, Colo., for the United States.

Sherman & Sherman, of Montrose, Colo., for respondents.

LEWIS, District Judge. The bill sets forth the following facts:

More than $4,700,000 has been expended on the Uncompahgre Valley project, through the Reclamation Service, for the purpose of reclaiming about 140,000 acres of arid lands in Montrose and Delta Counties. The West Canal has been projected as a part of the system. It is to be, when completed, about 12 miles in length, and is to carry water to some 7,000 acres. On April 25th, when the bill was filed, a contract had been let by the plaintiffs for the construction of this canal at a cost of about $78,000. The line of the canal has been staked out and its course is described in the bill. In its course it crosses the tracts severally owned by the defendants. When the complainants' agents sought to go upon these private lands for the purpose of constructing the canal, the defendant Masters, who owns one tract crossed by the line of the canal, and the defendant Miller, his tenant, filed their complaint against Charles T. Pease, engineer in charge of said project for the United States, and Louis Meyer, his foreman, in the local State Court, and obtained from that court a writ of injunction perpetually restraining and enjoining said Pease and Meyer, and all persons acting under their control, from entering upon said lands along the line of said projected canal, and from constructing said canal across said lands. This writ was issued as the result of a finding by that court that the reservation in the patents issued by the United States conveying these lands, of a right of way across the same "for ditches or canals constructed by the authority of the United States" was void for uncertainty.

The bill also charges that similar proceedings in the State Court will be instituted against any and all other officials, agents and contractors of the United States who may attempt to enter on said lands along the line of said canal for the purpose of constructing the same. It also charges that criminal prosecutions are threatened against such persons whenever they may attempt to proceed with said work. The writ of injunction is prayed restraining the defendants from in any manner obstructing, hindering, delaying and preventing the contractors, agents, servants and employés of the United States in the construction of said canal, and in the operation and maintenance of the same along the right of way described in the bill.

A temporary restraining order was issued against the defendants on April 25th without notice, together with the rule to show cause on May 10th following. By agreement the matter was continued from time to time, and on May 16th the defendants Van Horn, Ryman, Masters and Miller filed their answer and called up the rule for hearing on May 17th.

The answer admits that the lands through which it is proposed to construct the canal were acquired under preemption entries, and that in all the patents conveying the same is this clause:

"There is reserved from the lands hereby granted a right of way thereon for ditches and canals constructed by the authority of the United States."

And the answer alleges that no right of way over said lands is specified or described, and for that reason the attempted reservation is void for uncertainty, indefiniteness and lack of description. The answer admits the passage of the Act of August 30, 1890, c. 837, § 1, 26 Stat. 391 (U. S. Comp. St. 1901, p. 1570), which provides:

"No person who shall after the passage of this Act, enter upon any of the public lands with a view to occupation, entry or settlement under any of the land laws shall be permitted to acquire title to more than three hundred and twenty acres in the aggregate, under all of said laws, but this limitation shall not operate to curtail the right of any person who has heretofore made entry or settlement on the public lands, or whose occupation, entry or settlement, is validated by this act; provided, that in all patents for lands hereafter taken up under any of the land laws of the United States or on entries or claims validated by this act west of the one hundredth meridian, it shall be expressed that there is reserved from the lands in said patent described, a right of way thereon for ditches or canals constructed by the authority of the United States;"

and then alleges that in October, 1890, all the lands here involved were a part of the Fort Crawford Military Reservation which was then a part of the Ute Indian Reservation, which was opened to settlement by Act of June 15, 1880, c. 223, 21 Stat. 199; that said lands were thereafter held in trust by complainants until January 1, 1912, for the said Indians, except and until tracts of said lands were sold and the fee simple title thereto conveyed to settlers under the preemption laws existing at the time the agreement was made with the Indians; that in October, 1890, the Secretary of War caused these (military) lands to be opened and transferred to the Department of the Interior for sale under said Treaty and Act of June 15, 1880, and thereafter the defendants and their grantors made preemption settlements on which patents were subsequently issued containing the reservation of said right of way. And thereupon the defendants say that the preemptors under their purchase were entitled to all the title and interest of said Indians and of complainants in said lands without any reservation, and for that reason the attempted reservation of a right of way in the patents was void.

The answer also alleges that complainants are asserting a right of way to a strip 100 feet wide for said canal, which they allege to be wider than necessary. It sets up as a defense the decree in the State District Court granting a writ of injunction against Pease and Meyer in the suit brought by Masters and Miller against them. It denies the allegation of the bill that 140,000 acres of public arid lands within the Reclamation project under consideration were withdrawn from entry, but alleges that an amount not in excess of 40,000 acres was withdrawn. It admits that said Reclamation project is not yet completed, and that the said West Canal is an uncompleted distributing canal in said system, alleges that 4,000 acres of the 7,000 acres, which it is claimed the said West Canal will serve, are privately owned lands, alleges that four different routes for said right of way have been surveyed and some of them staked out over some of the lands in question, and from time to time changed, and that the route last selected along which it is proposed to construct said canal is the one

most circuitous and will cause more damage than other routes theretofore selected, and alleges that the lands in question are agricultural lands now occupied as farms and under cultivation. The answer denies the right of the complainants to enter upon the lands and construct the canal without payment for the right of way.

Replication has been filed.

[1] The issues which the answer seeks to raise were argued at length orally, and the views of the court on all matters then discussed were given at the close of the argument, but counsel were given leave, at their request, to file briefs, which has been done. Those views are entertained now and will be only briefly put down. A high regard for the recognized learning of the State Judge who granted the writ in the case against Pease and Meyer based upon his conclusions that the reservation of a right of way in the patents is void, because (1) said right of way is not described definitely in said patents, and (2) the lands in question having been a part of the Ute Reservation, the Indians are interested as beneficiaries in the proceeds of the sale of said lands, and therefore the fee without reservation must be conveyed, has caused some anxiety in reaching a conclusion touching those matters; but after due regard and full consideration we are not able to concur in that view; and the reasons are these: The clause in the patent reserving the right of way must be construed, like all other instruments, in the light of the surrounding circumstances at the time the patent issued. The significant circumstances in that regard are these: By a series of acts and resolutions passed by Congress beginning as early as 1888 (Act Oct. 2, 1888, c. 1069, 25 Stat. 526 [U. S. Comp. St. 1901, p. 1552]; Act March 20, 1888, 25 Stat. 618; Act March 2, 1889, c. 411, 25 Stat. 960 [U. S. Comp. St. 1901, p. 1553]; Act Aug. 30, 1890, c. 837, 26 Stat. 391 [U. S. Comp. St. 1901, p. 1553]), the Government unmistakably declared a purpose to reclaim its arid lands by conducting water to and across them, and provision was shortly made to enable it to carry out that purpose. In order that it might not be impeded in the execution of the project, it expressly provided in the Act of August 30, 1890, c. 837, 26 Stat. 391, which was prior to the issuance of any of the patents to the lands in controversy, and prior to entry:

"That in all patents for lands hereafter taken up under any of the land laws of the United States or on entries or claims validated by this Act west of the one hundredth meridian, it shall be expressed that there is reserved from the lands in said patent described, a right of way thereon for ditches or canals constructed by the authority of the United States."

This requirement as to the future disposition of public lands was known to all, and all entrymen thereafter acted in the light of that knowledge so charged to them. And there can be no doubt that Congress was vested with full power to make the reservation. United States v. Gratiot, 14 Pet. 526, 10 L. Ed. 573; Gibson v. Chouteau, 13 Wall. 99, 20 L. Ed. 534; Light v. United States, 220 U. S. 523, 31 Sup. Ct. 485, 55 L. Ed. 570.

It was under these conditions that the defendants or their grantors made their entries and initiated their rights to all the lands in question and thereafter accepted patents containing said reservation. It cannot

be doubted that the intent, purpose and scope of the reservation was fully understood by each patentee. In the construction of the West Canal in connection with and as a part of the Uncompahgre Valley project the complainants are only seeking to carry out and execute that purpose; and there is no foundation for the claim now made that the right of way reserved is so uncertain and indefinite as to render it void. Green v. Wilhite, 14 Idaho, 238, 93 Pac. 971; Green v. Willhite (C. C.) 160 Fed. 755.

The failure to describe the boundaries of a right of way in the grant of an easement does not render the grant void. 14 Cyc. 1161, 1203, et seq.

Beside this, the reservation in the patents was but a compliance with the Acts of Congress, and Congressional grants are not within the rules of construction applicable to transactions between private parties. They are given a broader scope for the purpose of executing the legislative intent. Railway Co. v. Railway Co., 97 U. S. 497, 24 L. Ed. 1095; Railway Co. v. Railway Co., 130 U. S. 26, 9 Sup. Ct. 409, 32 L. Ed. 837; United States v. D. & R. G. Ry. Co., 150 U. S. 14, 14 Sup. Ct. 11, 37 L. Ed. 975; Railway Co. v. Barney, 113 U. S. 625, 5 Sup. Ct. 606, 28 L. Ed. 1109; United States v. Railway Co. (C. C.) 186 Fed. 861.

As to the Ute Indian Reservation, the title to all lands within the reservation was in the United States subject to the rights of the Indians under the Treaty to use them, and when the reservation was vacated the Government could dispose of the lands as it saw fit. It was no concern of entrymen receiving patents as to what the obligation of the Government was to the Indians or what accounting, if any, it was required to make to the Indians for the sale of said lands. When the occupancy of the Indians ceased all lands theretofore in the reservation became public lands and were subject to disposition in any manner that Congress might determine. Beecher v. Wetherby, 95 U. S. 517, 525, 24 L. Ed. 440.

[2] But it was further insisted by defendants that under the Act of June 15, 1880 (21 Stat. 199), lands in said reservation not allotted in severalty to the Indians could thereafter be disposed of by the Government only in accordance with the laws regulating the disposition of public lands in effect at the time of the Treaty with said Indians and the passage of said Act. The contention is too narrow. Section 3 of said Act (page 203):

"And all lands not so allotted * * * shall be held and deemed to be public lands of the United States and subject to disposal under the laws providing for the disposal of the public lands at the same price and on the same terms as other lands of like character * * * provided that none of said lands * * * shall be liable to entry and settlement under the provisions of the homestead laws; but shall be subject to cash entry only in accordance with existing law."

The lands with which we are concerned were preempted. The preemption laws were repealed by the Act of March 3, 1891, c. 561, 26 Stat. 1095 (U. S. Comp. St. 1901, p. 1535). But the fourth section of that Act saved all preemption claims initiated before its passage and

provided that such claims should be perfected as though the preemption statute had not been repealed. And section 10 of the Act provided that all—

"agreements or treaties made with any Indian tribes for the disposal of their lands or of lands ceded to the United States to be disposed of for the benefit of such tribes * * * and the disposition of such lands shall continue in accordance with the provisions of such treaties or agreements."

So that the lands here involved were disposed of in strict compliance with the "existing law." Notwithstanding the Act of June 15, 1880, it was entirely competent for Congress to change the manner of disposition of the lands in question, in so far as third parties are concerned, and by Act of June 13, 1902, c. 1080, 32 Stat. 384, Congress did extend the homestead act to these lands.

[3] The defendants further contend that the injunction issued out of the State Court operates as an estoppel against complainants. That action was against Pease and Meyer as individuals. The contention is without merit. Carr v. United States, 98 U. S. 433, 25 L. Ed. 209; United States v. Lee, 106 U. S. 196, 1 Sup. Ct. 240, 27 L. Ed. 171; Tindal v. Wesley, 167 U. S. 204, 17 Sup. Ct. 770, 42 L. Ed. 137.

[4] The contention of the defendants that this is a mistaken proceeding and that an action at law to obtain possession of the right of way is the remedy to which the complainants must resort, is met by the reasoning in Railway Company v. Smith, 128 Fed. 1. The authorities cited by the defendants to this point do not involve the exercise of rights to an easement.

At the oral argument the court expressed the view that the defendants should have first been given an opportunity to be heard on the question whether complainants, by virtue of the reservation in the patents, had an easement across the lands for the canal, before being put into possession. Defendants denied such right. Some of them had brought a suit in the State Court denying the right. The temporary restraining order was issued by a judge sitting here from another district. I might have issued it also had the application been presented to me. But I now express regret that it was issued before the defendants had here an opportunity to be heard on the question of whether the complainants were entitled to a right of way across their lands. Complaint was made at the oral argument that the strip taken possession of under the restraining order is circuitous in route across the lands of some of the defendants and inflicts unnecessary damages, because, they say, a feasible route could have been selected more straight in its course. It appeared that the contractors who had the construction of the canal in hand, on being let in under the restraining order, immediately went to work and had done much excavation along the selected line for the canal, and I assume have been busily engaged in that work ever since, so that it does not now appear to be practicable to withdraw the restraining order and determine the route that the canal should take. It is noted that complainants' counsel contends that the Act of Congress dealing with the subject of reclamation vests in the officers in charge power to select the

route. Under the conditions of this case it is not deemed necessary to determine that, but the suggestion is ventured that the citizen should be made to feel that he has been given a hearing before his claimed rights have been invaded.

The bill asserts a right of way one hundred feet wide. The defendants insist that such a strip takes more of their lands than is reasonably needed for the construction and maintenance of the canal, but no showing in this respect was made on application for the temporary writ. It will therefore rest for determination until final hearing.

The temporary writ of injunction as prayed for may issue. It is so ordered.