**UNITED STATES of America,**
**Plaintiff,**

v.

**5.61 ACRES OF LAND, MORE OR LESS, situate IN the COUNTY OF EL DORADO, STATE OF CALIFORNIA, Rhyolite, Inc., a corporation, et al., Defendants.**

**No. 7053.**

United States District Court
N. D. California, N. D.
March 1, 1957.

Lloyd H. Burke, U. S. Atty., Samuel Staadecker, Jr., Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

E. Conrad Connella and Jack D. Tomlinson, San Francisco, Cal., and Chas. L. Gilmore, Sacramento, Cal., for defendant Rhyolite, Inc.

HALBERT, District Judge.

In this action, a proceeding in eminent domain by plaintiff to condemn a right of way for a road on the property of defendant, Rhyolite, Inc., plaintiff has submitted a request for a pretrial order. This matter was presented orally, each party has tendered memoranda in support of his respective position, and the matter is now ready for decision and determination. The sole issue presented by the parties in their memoranda is whether plaintiff may have a "secondary" easement in the roads sought to be condemned incident to its already existing easements for canals and ditches on defendant's property. Before reaching a conclusion on this question, certain preliminary observations appear appropriate.

By the Act of August 30, 1890, 26 Stat. 391, 43 U.S.C.A. § 945, Congress expressly reserved in the United States, from all land patents thereafter issued, a right of way on the land granted for ditches and canals "constructed by the authority of the United States." The statute was made applicable to lands west of the one-hundredth meridian. Both parties concede that it is applicable to the land of the defendant herein. In the exercise of this right, plaintiff has constructed what is known as the "Sly-Park Camino Conduit" across defendant's land, and seeks by this action to obtain a right of way for a road "to be used to provide ingress and egress for the construction, operation and maintenance" of said conduit. Plaintiff contends that defendant has no compensable interest in the roadway on the theory that, by virtue of its easement for canals and ditches, it has a "secondary" easement for a right of way across defendant's property as a necessary incident to the reasonable enjoyment of the primary easement. Defendant contends that the language of the reservation in the Act of August 30, 1890, is restrictive, and the Government, therefore, acquired or retained nothing more than what is expressly stated in the statute, to wit, a right of way for canals and ditches *only*.

It has been held that this statutory reservation, supra, is to be construed broadly in favor of the Government wherever necessary to effectuate Federal Reclamation policy, United States v. Van Horn, D.C., 197 F. 611, thereby reversing the general rule that a reservation by the grantor is to be construed in a light favorable to the grantee. But even in the absence of this rule of construction, the law is well established that, in the normal situation, an easement created by express grant or reservation carries with it the right in the owner of the easement to make such a use of the servient land as is reasonable and necessary to an enjoyment of the easement so long as the burden on the servient tenement is not unreasonably increased thereby. Smith v. Worn, 93 Cal. 206, 28 P. 944; Parks v. Gates, 186 Cal. 151, 154, 199 P. 40; City of Pasadena v. California-Michigan Land & Water Co., 17 Cal.2d 576, 582, 110 P.2d 983, 133 A.L.R. 1186; and cf.: Russell v. Texas Co., 9 Cir., 238 F.2d

636. This rule has been applied to permit the owner of a "water-ditch" easement to make entries on the servient land, which are reasonable and necessary, for the purpose of maintenance and repair, Fitzell v. Leaky, 72 Cal. 477, 482, 14 P. 198; Joseph v. Ager, 108 Cal. 517, 520, 41 P. 422; and see also: Painter v. Pasadena L. & W. Co., 91 Cal. 74, 27 P. 539 [a profit a prendre to take water]; and Ward v. City of Monrovia, 16 Cal.2d 815, 821–822, 108 P.2d 425 [a water pipeline easement], and such an application of the rule appears to be in accord with the accepted authorities in the field. E. g., see Restatement of Property, § 485, comment c.

The Court is, therefore, of the view that, as a matter of law, plaintiff *may* have a right of way for roads on defendant's property as an incident to its ownership of the canal and ditch easement, but before the interest sought by plaintiff in this action can be said to constitute such a right of way, it must first be determined whether the use of the roadways sought to be condemned is reasonable and necessary for the purposes suggested by the plaintiff, and whether any additional burden would be imposed upon defendant's servient land by reason of the exercise of such use. A determination of these issues rests with the trier of fact, and hence, is not within the scope of this pretrial order.

It is, therefore, ordered that *if* it be determined:

(a) That the use by plaintiff of the roadways sought to be condemned in this action is reasonable and necessary for the "construction, operation and maintenance" of the Sly-Park Camino Conduit, *and*

(b) That such use by plaintiff will not increase the burden already imposed on defendant's servient land by the plaintiff's canal and water ditch easement,

then it will follow, as a matter of law, that defendant has no compensable interest in the interest sought to be condemned by plaintiff. The issues, noted above, will, however, have to be resolved before there can be a final determination of this case.