**Edith STROH, Appellant,**

**v.**

**ALASKA STATE HOUSING AUTHORITY, a Public Corporation, Appellee.**

**No. 924.**

Supreme Court of Alaska.

Aug. 22, 1968.

On Rehearing Sept. 26, 1969.

---

*see* City Transp. Co. of Dallas v. Vatsures, 278 S.W.2d 373, 377 (Tex.Civ. App.1955) *and* Brooks v. Moreland, 404 S.W.2d 949 (Tex.Civ.App.1966).

W. C. Arnold, Anchorage, for appellant.

William Fuld, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

## OPINION

DIMOND, Justice.

Appellant leased the Aurora Hotel property in Anchorage from Catherine Grasser

for a five-year term in 1952 or 1953. The lease was renewed for subsequent five-year terms in 1957 and 1962—the expiration date of the last term being December 31, 1967.

In 1965 appellee took the Aurora Hotel property under its power of eminent domain in connection with an urban renewal project. The value of the property was fixed at $92,500.00, and appellant's leasehold interest in the property, at $3,750.00. Compensation was not allowed for appellant's claimed property right in the nature of a tenant's right of renewal. Appellant claims this was error.

Appellant testified as follows:

Q. Did you ever have any discussions with Mr. Grasser about future occupancy after this lease expired?[1]

A. He told me as long as he had that building I could have that building, lease or no lease. That nobody he—he wouldn't lease that to anybody else if they paid him five hundred dollars a month more because I took such good care of the property for him and he never had to worry; his check was there every month and—and the building was taken care of.

Appellant contends that this testimony showed not only a possibility but a probability of renewal of the lease after expiration of the five-year term in December 1967, and that this was a property right which should have been compensated for when the property was taken under the power of eminent domain.

There is some authority for the proposition advanced by appellant—that a tenant's reasonable expectation of renewal of a lease should be considered as an element of value in condemnation proceedings.[2] But the weight of authority, with which we are in accord, holds to the contrary.[3] A tenant's right of renewal of a lease refers to a legal right, and this exists only when the lease expressly grants to the tenant the option to renew the lease at the end of its term. A mere expectation, or even probability, that the lease will be renewed based upon past practice and present good relations between landlord and tenant, is not a legal right of renewal. It is nothing more than a speculation on chance. Intentions which are subject to change at the will of a landlord do not constitute an interest in land so as to confer upon the tenants something to be valued and compensated for in a condemnation action. As was stated by the Supreme Judicial Court of Massachusetts in Emery v. Boston Terminal Co.,[4] an opposite view "would allow the tenants to diminish the share of the landowners on the strength of the latter having entertained an intention which they were free to change if they chose." The court below correctly held that appellant did not possess, in the property condemned by appellee, a property interest known as a tenant's right of renewal for which she was entitled to compensation.

When the lease agreement was first made in 1952 or 1953, appellant paid her landlord $18,000.00 for the furnishings in the hotel. Appellant claims that she re-

---

1. Catherine Grasser, who had originally leased the property to appellant, became incompetent, and her affairs were thereafter handled by her husband and guardian, Raymond Grasser.

2. Mayor, etc., of Baltimore v. Rice, 73 Md. 307, 21 A. 181, 182 (1891); In re Acquiring Certain Property on North River, 118 App.Div. 865, 103 N.Y.S. 908, 909, aff'd, 189 N.Y. 508, 81 N.E. 1162 (1907).

3. United States v. Petty Motor Co., 327 U.S. 372, 380, n. 9, 66 S.Ct. 596, 90

L.Ed. 729, 736, n. 9 (1946); United States v. 257.654 Acres of Land, 72 F. Supp. 903, 918 (D.Hawaii 1947); Pause v. City of Atlanta, 98 Ga. 92, 26 S.E. 489, 493 (1896); Emery v. Boston Terminal Co., 178 Mass. 172, 59 N.E. 763, 765 (1901); State v. Platte Valley Pub. Power & Irrig. Dist., 147 Neb. 289, 23 N.W.2d 300, 309, 166 A.L.R. 1196 (1946); Annot., 3 A.L.R.2d 286, 326–28 (1949).

4. 178 Mass. 172, 59 N.E. 763, 765 (1901).

moved the furnishings in the face of demolition of the hotel building, and since the furnishings were not suitable for use elsewhere, she was required to sell them at public auction for a salvage price less than their actual value. Appellant claims that the lower court erred in denying her compensation for the depreciation in value of such furnishings.

Article I, section 18 of the Alaska Constitution provides:

Private property shall not be taken or damaged for public use without just compensation.

Pointing to a statute which deals with the taking of property under the power of eminent domain,[5] and to a statute of general application defining "property" as including real and personal property,[6] appellant contends that the words "private property", as used in the constitution, include personal property such as the furnishings in the hotel. Appellant contends further that the prohibition in the constitution against damaging private property without just compensation refers not only to physical damage but also to depreciation in value of property resulting from the exercise of the power of eminent domain.[7]

■ This is not an appropriate occasion to decide the question raised by appellant, for even if we were to subscribe to her argument we could not give her the relief she seeks. The reason is that there is nothing in the record to support appellant's assertion that the hotel furnishings were sold at a loss at public auction. There is no evidence showing precisely what such property consisted of, what its value was, apart from evidence as to what was paid for it in 1952 or 1953, and where, when and for how much money the property was sold. In view of this lack of evidence in the record, we shall not pass upon the legal question raised by appellant. We cannot find that the lower court erred in declining to allow appellant compensation for the depreciation in value of the hotel furnishings.

The judgment is affirmed.

## ON PETITION FOR REHEARING

In a petition for rehearing appellant's counsel pointed out, and correctly so, that the trial judge had not afforded appellant the opportunity of presenting evidence on the factual questions relating to appellant's assertion that she was entitled to be compensated for the destruction and depreciation of her furniture and personal property. We granted the petition for rehearing and remanded the case to the trial court for the purpose of holding a hearing and taking of evidence on such questions. The trial court's memorandum findings of fact and conclusions of law, dated August 18, 1969, are attached as an appendix to our opinion in this case.

---

5. AS 09.55.260 provides in part:

    The private property which may be taken under §§ 240–460 of this chapter includes

    (1) all real property belonging to any person;

      *    *    *    *    *

    (3) property appropriated to public use * * *;

    (6) all classes of private property not enumerated may be taken for public use when the taking is authorized by law.

6. AS 01.10.060 provides:

    In the laws of the state, unless the context otherwise requires,

      *    *    *    *    *

    (9) "property" includes real and personal property.

7. See Pause v. City of Atlanta, 98 Ga. 92, 26 S.E. 489, 491 (1896).

APPENDIX

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT

EDITH STROH, )
)
Appellant, )
)
vs. )
). . . . . . .
ALASKA STATE HOUSING )
AUTHORITY, )
)
Appellee. )
)

No. 65–1222
Supreme Court File 924

—◆—

## MEMORANDUM FINDINGS OF FACT AND CONCLUSIONS OF LAW on REMAND

This case comes before this court on remand from the Supreme Court of the State of Alaska "for the purpose of holding a hearing and taking of evidence on the factual questions referred to on page 483 of this court's opinion in this case, dated August 22, 1968, which relates to appellant's assertion that she was entitled to be compensated for the destruction and depreciation of her furniture and personal property." The factual questions to which the order refers concern a showing of what the hotel furnishings consisted of, and where, when and for how much money the property was sold. Since appellant was not afforded an opportunity at the earlier trial of the matter to make such a showing, such factual determination was the issue to be presented in hearing before this court.

For ease of reference, the designation of the parties before the Supreme Court will be followed here.

Appellant Edith Stroh takes the position that the personal property and trade fixtures located on the premises of the Aurora Hotel, which she leased from Catherine Grasser, were personal property, that the same were damaged and destroyed by the taking or that, as to a large number of them, the removal and sale thereof by Anchorage Auction Company pursuant to a Notice to Sell Personal Property issued by appellee Alaska State Housing Authority constituted compensable damages. Appellant claims that the sale by the auction company was productive of a price determining the fair market value thereof. The hearing was held on January 28 and 29, 1969 and the parties were afforded an opportunity thereafter to file trial briefs.

With the exception of some lawn tools and trash cans located in an out building, there is little dispute about identification of the furnishings in the hotel. There is a dispute as to the character of many of the items, whether they should be construed as fixtures, attached to the realty, for which compensation has already been paid, or whether they were personalty or trade fixtures, severable from the realty. Appellee Authority takes the position that the personal property was part of the hotel facility, useable only as such, and that this has already been adjusted with the owner of the realty or, where moveable property was involved, that appellant has been paid its

agreed value. The Authority also takes the position that, in any event, the taking of personalty is not contemplated by the Alaska Constitution, Art. I sec. 18 to be compensable. Sec. 18 provides "private property shall not be taken or damaged for public use without just compensation."

The evidence is undisputed that appellant leased the Aurora Hotel from Catherine Grasser on January 1, 1952, and that she bought the furnishings thereof at that time. Since then she has maintained, repaired and replaced the furnishings, until the building was condemned and demolished as part of an urban renewal project in March of 1966.

One element of dispute arises over the characterization by appellant, as personalty, of glass shelves attached to the walls by brackets in the rooms, and wall to wall carpets in twenty rooms and the lobby, plus the hall and stairway carpets, and the carpet pads. Much of the carpeting had been replaced since Mrs. Stroh took over the building in 1952.

The section of the Alaska Statutes having to do with the nature of the property rights which may be acquired by eminent domain, AS 09.55.260, describes five categories of interests in land and concludes with sub-section (6) "all classes of private property not enumerated may be taken for public use when the taking is authorized by law."

In the General Rules of Statutory Construction in the Alaska Statutes it is provided in AS 01.10.060 *"Definitions.* In the laws of the state, unless the context otherwise requires

\* \* \* \* \* \*

(8) 'personal property' included money, goods, chattels, things in action, and evidence of debt;

(9) 'property' includes real and personal property; \* \* \*."

The Authority takes the position that the enumeration of types of property which may be acquired by eminent domain in AS 09.55.260, whose first five sub-sections refer to real property interests, obviates by its context a construction that sub-section (6) thereof refers to personal property as well.

■ Art. I Sec. 1 of the Constitution recites that it is dedicated to the principles that "all persons have a natural right to \* \* \* the enjoyment of the rewards of their own industry." Reading the Constitutional sections *in pari materia,* and the generally recognized principle that the constitution and legislative enactments in implementation thereof are to be liberally construed, I find no clear legislative intent to have been manifested that personal property taken or damaged by public use should not be justly compensated.

■ Nor are appellant's rights to be controlled by the manner of pleading employed by appellee wherein the complaint stated "a fee simple interest is to be acquired by plaintiff (appellee) through this condemnation action." The issue is whether the property was taken in the exercise of the power of eminent domain regardless of the manner of pleading. State Department of Highways v. Crosby, 410 P.2d 724 (Alaska 1966)

Appellee Authority also takes the position that appellant has been fully compensated for the value of the personal property and has accepted such valuation by signing an appraisal furnished by appellee Authority (Def. Ex. B) wherein the total appraised value was shown as $2,433.25, which amount has been received by appellant (direct reimbursement in the amount of $1,850.05 plus net amount received from Anchorage Auction Company of $583.20) (Def. Ex. C and D, Pl. Ex. 3).

There was testimony concerning the manner in which the acceptance of this appraisal took place. According to Mrs. Stroh, the paper was presented to her by Mr. William H. Foster, relocation and property management officer for appellee. She testified that Mr. Foster said that the paper was solely a formality, that it represented what the personalty was worth in

its operation of the place as a hotel. Mr. Foster testified that he advised Mrs. Stroh that she would be required to sign the document, but before doing so she could consult with her attorney. He said he did not ask her to concur in the appraised value shown thereon, leaving the paper with her. The amounts shown on the exhibit were discussed.

I do not find from the nature of the discussions that it was intended that a complete settlement of the question of values was intended by the acceptance indicated on exhibit B, although it must be given some weight as an admission by Mrs. Stroh of the value of the items listed.

It is obvious that appellee Authority knew, at the time the personal effects were removed, that Mrs. Stroh was the tenant of the premises. Since she operated the premises as a hotel, ordinary prudence would dictate that inquiry be made of the ownership of the furniture and fixtures involved in such operation. I cannot accept the Authority's position that they were not chargeable with notice that the carpets and shelving were not property of the land owner.

"The rule is that for a chattel to become a fixture and be considered as real estate, three requisites must unite: there must be an annexation to the realty of something appurtenant thereto; the chattel must have adaptability or application as affixed to the use for which the real estate is appropriated; and there must be an intention of the party to make the chattel a permanent accession to the freehold." Sulpher Springs, etc. v. City of Tombstone, 1 Ariz.App. 268, 401 P.2d 753, 758 [sic] (1965).

"Intention, the third of the three factors said to comprise the general test for determining whether an object has become a fixture, refers to the intent of the parties that the object being introduced onto the realty become a permanent accession thereto." 35 Am.Jur.2d Fixtures § 14.

It is not enough merely to assume that, being affixed sufficiently to meet the first two criteria, the question of intention may be disregarded, if there is an opportunity to inquire into the facts concerning the intention. Such opportunity was present here. It is the undisputed testimony of Mrs. Stroh that she did not intend the rugs and shelving to become fixtures. In Dusenberry v. Taylor's, 7 Utah 2d 383, 325 P.2d 910 (1958) the court stated, in holding that carpeting did not constitute a fixture and part of the real estate "though the carpeting appears to have been wall to wall type, there seems to be nothing in the record indicating that it was so attached to the realty as to conclude that it was a fixture in the legal sense of that term."

I conclude, accordingly, that the carpeting constituted personalty at the time of the taking, and, in accordance with my ruling on compensability of such property in cases of eminent domain, that appellant Stroh is entitled to recover the actual market value thereof at the time of the taking.

There was no testimony concerning the value of the carpeting other than that of Mrs. Stroh. There is no testimony from which reasonable inferences may be drawn that the value was other than as she stated. As to the property described in Exhibit B I view her own description of the property and the amount of use it had as inconsistent with such high values. The prices yielded by it at auction are of some value in making such determination, although such prices do not, of course, establish a fair market value. I also construe her having signed the appraisal by the agency (Ex. B) as having some weight as an admission by her of the value of the items enumerated. While she did not, according to her testimony and that of Mr. Foster, necessarily accept those values as binding, and had the opportunity to have the valuation reviewed with her attorney, she acknowledged the appraisal in writing, and must be held to have made a representation of the correctness thereof, even though,

as I hold, she is not precluded from claiming other property taken or damaged by the appellee.

Accordingly, there will be allowed as additional damages for the taking only those items not shown on Exhibit B. These are:

| | |
|---|---|
| One rug—$125.00 × 18 rooms ) | |
| One glass shelf at $4.00 × 18 rooms ) | $ 2,322.00 |
| 7 Garbage cans at $5.00 each | 35.00 |
| 1 carpet sweeper | 15.00 |
| Garden Tools & aliminium [sic] ladder | 40.00 |
| 25 Towel racks at $2.00 each | 50.00 |
| Rugs on stairs w/ pads | 50.00 |
| 4 small mirrors at $10.00 each | 40.00 |
| | $ 2,552.00 |

The court finds that plaintiff is entitled to recover the foregoing additional amount.

In accordance with the Order of the Supreme Court entered September 20, 1968, these findings, together with a transcript of the hearing, are filed with the Clerk of the Supreme Court.

Done at Anchorage, Alaska this 18 day of August 1969.

/s/ Eben H. Lewis
SUPERIOR COURT JUDGE