**Walter F. MYRICK et al., Appellants,**

v.

**UNION OIL COMPANY, Appellee.**

**No. 23326.**

United States Court of Appeals
Ninth Circuit.

Nov. 3, 1969.

M. Ashley Dickersòn (argued), Anchorage, Alaska, for appellants.

Charles P. Flynn (argued), of Burr, Pease & Kurtz, Anchorage, Alaska, for appellee.

Before BARNES, ELY and HUFSTEDLER, Circuit Judges.

PER CURIAM.

The District Court dismissed appellants' trespass and nuisance action against appellee, Union Oil Company of California ("Union"), on the ground that the court lacked jurisdiction, "as all issues brought before this Court by plaintiffs are or could be presently in the process of adjudication before the Superior Court for the State of Alaska." We reverse.

On April 26, 1965, the State of Alaska issued a Utility Permit to Union to construct a 20-inch gas line between Kenai and Nikiski within a 75-foot right of way to which the State claimed title. Between May and September 1965 Union constructed the pipe line crossing appellants' land within the 75-foot strip. In 1966 the Alaska Supreme Court held that Alaska's reservation of the right of way in excess of 33 feet was invalid. (State Department of Highways v. Crosby (1966) Alaska, 410 P.2d 724.) After Crosby was decided, Alaska tried unsuccessfully to buy from appellants the disputed part of the strip. On May 12, 1967, Alaska instituted a condemnation action in state court against appellants to acquire the remainder of the strip. Appellants' motion to join Union in the state action was denied. On October 16, 1967, appellants filed this action against Union to restrain Union from maintaining its pipe line on the disputed strip, to recover damages resulting from an alleged pipe line explosion, and damages for continuing trespass and for maintenance of a nuisance upon their property. Federal jurisdiction was based on diversity of citizenship.

Union contends that appellants' action against it is essentially an inverse condemnation action; that an inverse condemnation action, according to Alaskan substantive law, is *in rem*; that the state court having first assumed jurisdiction over the res, no other court can undertake to entertain the action; therefore, the federal court lacked jurisdiction and dismissal was proper.

The federal action did not "entail the possibility of a premature and perhaps unnecessary decision of a serious federal constitutional question, would not create the hazard of unsettling some delicate balance in the area of federal-state relationships, and would not even require the District Court to guess at the resolution of uncertain and difficult issues of state law. We hold that in such circumstances a District Court cannot refuse to discharge the responsibility, imposed by Congress under 28 U.S.C. §§ 1332 and 1441, 28 U.S.C.A. §§ 1332, 1441, to render prompt justice in cases where its diversity jurisdiction had been properly invoked." (Allegheny County v. Frank Mashuda Co. (1959) 360 U.S. 185, 79 S. Ct. 1060, 3 L.Ed.2d 1163, rehearing denied (1959) 361 U.S. 855, 80 S.Ct. 41, 4 L.Ed.2d 93.

The District Court erroneously abstained from exercising the diversity jurisdiction committed to it.

The judgment is reversed.