**J. V. (Pete) WILLIAMS d/b/a Totem Inn, Appellant,**

v.

**CITY OF VALDEZ, Appellee.**

No. 3709.

Supreme Court of Alaska.

March 13, 1981.

Albert Maffei, Anchorage, for appellant.

Kenneth P. Jacobus, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, for appellee.

OPINION

Before RABINOWITZ, C. J., and CONNOR, BURKE and MATTHEWS, JJ.

---

RABINOWITZ, Chief Justice.

In our earlier decision in this case, *Williams v. City of Valdez*, 603 P.2d 483, 492 (Alaska 1979), we retained jurisdiction to determine whether the superior court properly awarded the City of Valdez the costs of clearing the original blockage of the subject drainage ditch and the costs of restoring the ditch to its original condition. We now affirm the decision of the superior court on these issues.

As part of a redevelopment project undertaken by the City of Valdez after the 1964 earthquake, a storm drainage ditch was built across land owned by the Port Valdez Company. The Port Valdez Company filed suit against the City of Valdez for damages caused by construction of the ditch; that dispute was resolved through a settlement agreement in which the company waived all claims to damages resulting from the construction. Prior to the settlement, however, the Port Valdez Company had conveyed the property crossed by the ditch to Williams, the appellant in this action, who also purchased an adjoining parcel of land on which he constructed a motel called the Totem Inn. In May or June of 1973, Williams filled in a portion of the ditch to provide access and additional parking for his motel. In the lawsuit that followed, the City obtained a judgment enjoining Williams from further interference with the ditch and an award of damages for the cost of clearing it and restoring it to its original condition.

The superior court held that this case was controlled by *Wickwire v. City and Borough of Juneau*, 557 P.2d 783 (Alaska 1976), and that the construction of the ditch in 1965 created an immediate right in the owners of the property to compensation for inverse condemnation. The court further held that Williams did not acquire this right when he took title to the land and that he had no right to prevent continued use of the drainage ditch.[1] We are in agreement with the superior court.

Williams' argument on appeal is that the City did not take title to the easement until summary judgment was entered in this case in 1978 and, thus, that the City has no right to recover for damage to the easement prior to that time. This argument misconstrues the nature of the inverse condemnation remedy. That remedy was reposed solely in the Port Valdez Company, the owner of the property at the time of the taking. It did not pass to Williams by implication when he acquired the property. *Wickwire v. City and Borough of Juneau*, 557 P.2d 783, 785 (Alaska 1976). Since Williams had no legal right to sue because of the City's prior taking of his property, it follows that he likewise had no right to employ self help remedies.

Williams' interference with the drainage easement condemned by the City was therefore wrongful, and the City is entitled to recover damages in the amount of the costs incurred in returning the ditch to the condition it was in prior to that interference. The decision of the superior court is AFFIRMED.

BOOCHEVER, J., not participating.

---

1. For a more complete discussion of the background of this case, *see Williams v. City of Valdez*, 603 P.2d 483, 485–87 (Alaska 1979).