No.  90-085

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

---

EDWARD A. CUMMINGS and CAROLE J. CUMMINGS,
     Plaintiffs and Respondents,
-vs-
JOSEPH CANTON, a/k/a JOE CANTON; JIM CANTON; WILLIAM G. SCHILLER,
SR.; CLARA SCHILLER, SR.; CLARA SCHILLER; RUFFATTO LAND & CATTLE
CO., a Montana corp.; LORETTA C. RUFFATTO; TIMOTHY WATSON; WAYNE
A. HERMAN; METROPOLITAN LIFE INSURANCE COMPANY, a corporation;
RAVALLI COUNTY; JOHN FOLEY; and all other persons; unknown,
claiming or who might claim any right, title, estate or interest
in or lien or encumbrance upon the property described in the
complaint adverse to plaintiffs' ownership or any cloud upon
plaintiffs' title thereto, whether such claim or possible claim be
present or contingent,
     Defendants and Appellant.

FILED

1 7 1990

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

---

APPEAL FROM:   District Court of the Fourth Judicial District,
               In and for the County of Ravalli,
               The Honorable Jack L. Green, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        Richard R. Buley, Tipp, Frizzell & Buley, Missoula,
        Montana

        For Respondent:

        John T. Spangler, Cummings Law Firm, Missoula,
        Montana

---

                              Submitted:  June 15, 1990

                              Decided:  August 17, 1990

Filed:

Justice John C. Sheehy delivered the Opinion of the Court.

The plaintiffs, Edward and Carole Cummings (Cummings), filed a quiet title action in Fourth Judicial District Court, Ravalli County. The defendants answered the quiet title complaint by claiming a prescriptive easement over Cummings' land. The District Court granted Cummings' quiet title claim, and denied defendants' prescriptive easement claim. Now the defendants appeal the District Court's denial of their prescriptive easement claim. We affirm.

Did the District Court err in denying defendants' prescriptive easement claim?

Cummings own in fee simple the following described property in Ravalli County, Montana:

The South half of the Northeast quarter (S½NE¼) of Section 9, the South half (S½) of Section 9, the North half of the Northwest quarter (N½NW¼) of Section 9, and the Southeast quarter of the Northwest quarter (SE¼NW¼) of Section 9, all in Township 9 North, Range 20 West, P.M.M., Ravalli County Montana.

Defendants, Joseph Canton and Jim Canton have an ownership interest in land in two parcels. One parcel is north of Cummings' property and the other is south. The defendants have access to both of their parcels of land through county roads, however, it would be more convenient for the defendants to travel between their two parcels of land by using abandoned County Road No. 22, which crosses Cummings' property.

The Cantons own a ranch known as the "Home Place," which is located in Sections 10 and 15, Township 9 North, Range 20 West,

2

P.M.M., Ravalli County, Montana. The Cummings' property lies adjacent to the Home Place on the west. The Cantons also own 80 acres in Section 4, Township 9 North, Range 20 West, P.M.M. Ravalli County, Montana. This parcel is known as the "Upper Eighty" or the "Eighty Acres." It is not contiguous to the Home Place. The Eighty Acres lies approximately one and one-half miles northwest of the Home Place.

The Cantons have sold portions of the Eighty Acres to fellow defendants, William G. Schiller, Sr., Clara Schiller and Timothy Watson. The sale included a transfer to them of all easements appurtenant to the property.

County Roadway No. 22, commonly called Bass Creek Loop Road is the shortest route between the Home Place and the Eighty Acres. County Road No. 22 travels generally north-south for approximately one-half mile through the eastern edge of Cummings' property, then runs east-west one-half mile along the north border of Cummings' property to the location of the old Bass School. From the school, the road then turns to run north-south along the western edge of the Eighty Acres. One mile north of the school, the road turns to run east-west and connects with Highway 93 on the east.

In November, 1987, the Ravalli County Commissioners held public hearings on a petition to abandon County Road No. 22. Later, on January 15, 1988, the Ravalli County Commissioners abandoned a portion of County Road No. 22 by adopting Resolution No. 440. The portion of County Road No. 22, which was abandoned by Resolution No. 440, includes all of that portion of road which

in the past crossed the Cummings' property.

Shortly after Ravalli County abandoned County Road No. 22, conflict arose between the Cummings and the Cantons over use of the abandoned portion of County Road No. 22, where it crossed Cummings' property. The abandoned road provided a short cut for the Cantons traveling between the Home Place and the Eighty Acres. The Cantons in the past used the road to transport cattle and equipment between their properties.

Since January 15, 1988, Cantons' use of the road has been without the permission of the Cummings who have attempted to prevent anyone from using the portion of the abandoned road which crosses the Cummings' property. The Cummings have requested the Cantons to ask permission before using the road through the Cummings' property. The Cantons have refused.

The Cummings filed their quiet title action on September 14, 1988. Defendants claim their previous use of the road created a prescriptive easement. The District Court disagreed with the defendants, and granted Cummings' quiet title claim.

**Whether the District Court erred in denying defendants' prescriptive easement claim?**

To establish a prescriptive easement, the owner of the purported dominant tenement must establish open, notorious, exclusive, adverse, continuous and unmolested use of the servient tenement for the full statutory period of five years required to acquire title by adverse possession. Riddock v. City of Helena (1984), 212 Mont. 390, 396, 687 P.2d 1386, 1389; Garret v. Jackson

4

(1979), 183 Mont. 505, 508, 600 P.2d 1177, 1179. In order to determine if the defendants meet the above elements, we must first determine if the abandoned section of County Road No. 22 was previously a public road. As shown below, the defendants cannot establish a prescriptive easement by traveling on a public road. The public nature of the road prevents its use from being either adverse or exclusive.

The principal contention of appellants is that the road abandoned by the county and the road over Cummings' property for which a prescriptive easement is claimed are not the same roads.

The evidence at trial overwhelmingly supports the District Court's finding that the abandoned portion of County Road No. 22 crossing Cummings' property was previously a public road. Defendant Joe Canton testified at trial that the road was a public road and that the County maintained the road. When asked about his recollection of the road use during his 69 years of living near the south end of County Road No. 22, Canton stated the following:

Q. (By Mr. Cummings) Okay. So when you were in the first grade you lived here. A. Yes.

Q. Okay. The way you got from--and when you were in the first grade, did you attend the first grade at this location? A. Correct.

Q. Okay. Is it true that the way you got from your home to get to school in the first grade was you went up Shear Brook Lane and up Bass Creek Loop to the Bass Creek School? A. Correct.

Q. Okay. Is is true that there was also a county mail route along this route? A. Correct.

5

Q. Okay. Is it also true that from the time you can remember when you were just starting the first grade that this Bass Creek Loop Road was a very, very old road? A. Yes.

Q. Is it also true that as long as you can remember the county has maintained that road? A. Yes.

Q. Is it also correct that all the people, the members of the public, used this section, this three-eighths mile of Bass Creek Loop to get up to the Bass Creek School and back? A. Correct.

Q. Okay. That's from as long as you can remember. A. Yes.

Q. As a matter of fact your understanding was at all times from when you were little that this was a county (road) where it crossed my ground. A. Correct.

Joe Canton's testimony reveals that historically County Road No. 22 was used as a public road, and maintained by Ravalli County. ". . . If the road had been used and traveled by the public generally as a highway, and is treated and kept in repair as such by the local authorities whose duty it is to open and keep in repair public roads, proof of those facts 'furnishes a legal presumption that such road is a public highway.'" State v. Auchard (1898), 22 Mont. 14, 17, 55 P. 361, 362, overruled on other grounds, Reid v. Park County (Mont. 1991) 627 P.2d 1210, 1213. The defendants have failed to show the road over which they claim an easement was not a public road. The evidence at trial revealed that the public freely traveled on the road. Furthermore, the road was shown on county maps as County Road No. 22, Bass Creek Loop

6

Road. The defendants in their answer to Cummings' complaint admitted the abandoned portion of County Road No. 22 was previously a public road.

Again, in order for a prescriptive easement to be acquired there must be open, notorious, exclusive, adverse, continuous, and unmolested use. Riddock, 687 P.2d at 1389; Garnet, 600 P.2d at 1179. A public road is one which all people have a right to use. A defendant cannot establish a prescriptive easement by traveling on a public road. The open and public nature of the road forestalls its use from being adverse or exclusive. Thus, the defendants have failed to meet the elements of a prescriptive easement. Accordingly, we affirm the District Court.

John C. Sheehy
_____
Justice

We Concur:

A. B. Turnage
_____
Chief Justice

John Conway Harrison
_____

L.C. McDonough
_____

_____
Justices