FILED

03/04/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0231

DA 24-0231

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 43

DAVID L. MURPHY PROPERTIES, LLC and JOHN SCHAFFER,

      Plaintiffs and Appellants,

   v.

PAINTED ROCKS CLIFF, LLC, and LAKE COUNTY, a political
subdivision of the State of Montana, by and through the
LAKE COUNTY BOARD OF COMMISSIONERS:
BILL BARRON, GALE DECKER AND STEVE STANLEY,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DV-22-143
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          Michael P. Talia, Jackson, Murdo & Grant, P.C., Helena, Montana

      For Appellee Painted Rocks Cliff, LLC:

          Jeffrey M. Roth, Jeffrey R. Kuchel, Crowley Fleck PLLP, Missoula,
Montana

      For Appellees Lake County and Board of County Commissioners:

          James W. Raymond, Chief Civil Deputy, Lake County Courthouse, Polson,
Montana

                Submitted on Briefs:  December 11, 2024

                      Decided:  March 4, 2025

Filed:

                        _____
                            Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 David L. Murphy Properties, LLC and John Schaffer appeal the Twentieth Judicial District Court's rulings that a dock on Flathead Lake constructed by adjacent landowner Painted Rocks Cliff, LLC does not violate the Lakeshore Protection Act; that the Plaintiffs could not establish a prescriptive easement to access a cove intersecting the properties; and that Painted Rocks' dock is not a nuisance. We address the following restated issues:

> 1. *Did the District Court correctly dismiss Murphy Properties' Lakeshore Protection Act claims against Painted Rocks and Lake County?*
>
> 2. *Did the District Court correctly grant Painted Rocks summary judgment on Murphy Properties' prescriptive easement and nuisance claims?*

¶2 We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 David L. Murphy Properties, LLC and Painted Rocks Cliff, LLC own adjoining properties with shoreline frontage on Flathead Lake. John Schaffer is Murphy Properties' sole member and owner (collectively, Murphy Properties). An inlet, or cove, defines the southern corner of the Painted Rocks property. Painted Rocks owns most of the cove, including the entry point, and Murphy Properties owns its easternmost edge. Murphy Properties—whose property includes 372 feet of lakeshore frontage outside the cove—has a dock on this innermost part of the cove. The water level in the cove varies seasonally depending on water levels in Flathead Lake, generally filling in June, then partially or completely emptying in the fall and winter. The following illustration, from a survey of the properties, appears in the record:



¶4     In January 2022, Painted Rocks applied for a permit to construct a dock on its property. Lake County planning staff conducted a site visit and found that, aside from a canopy that the County did not approve, "[t]he proposed project complie[d] with the general construction requirements affecting all permits and the design standards of the Lake County Lakeshore Protection Regulations." The Lake County Board of Commissioners issued Painted Rocks a construction permit for its dock in March 2022.

¶5     Soon after Lake County issued the permit, Schaffer e-mailed the Lake County Planning Department, raising concerns with the dock's placement. He wrote that its location would prevent him, his family, and other recreationists from accessing the cove in

3

violation of the Lake County Lakeshore Protection Regulations. The Planning Department responded that

> there was no evidence to suggest that the issuance of a [permit for a] dock, which was legally conforming, was out of compliance with the Lake County regulations. The Planning Department cannot withhold the ability for a landowner to construct a lakeshore improvement when it meets all regulation standards without just cause. The dock meets the 25-foot riparian boundaries to neighboring properties and the 60-foot from high-water mark length regulation, along with breakwater requirements and impervious surface and therefore does not interfere with navigation or recreation.

Painted Rocks constructed its dock approximately in the center of its property, about 200 feet northwest of Murphy Properties' parcel.

¶6 Murphy Properties sued Painted Rocks and Lake County, alleging three counts: (1) violation of the Lakeshore Protection Act, (2) nuisance, and (3) declaratory judgment for a prescriptive easement over Painted Rocks' property. Murphy Properties brought all claims against Painted Rocks and only the Lakeshore Protection Act claim against Lake County. The County moved to dismiss Murphy Properties' claim under M. R. Civ. P. 12(b)(6). The District Court granted Lake County's motion. Painted Rocks filed a motion for summary judgment on all claims that the District Court also granted. Murphy Properties appeals the District Court's ruling on both motions.

## STANDARDS OF REVIEW

¶7 Construing the factual allegations of a complaint in the light most favorable to the plaintiff, we review de novo a district court's ruling on a M. R. Civ. P. 12(b)(6) motion to dismiss. *Marshall v. Safeco Ins. Co.*, 2018 MT 45, ¶ 6, 390 Mont. 358, 413 P.3d 828 (citation omitted). "A district court should not dismiss a complaint for failure to state a

claim unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Marshall*, ¶ 6 (citation omitted).

¶8 We review summary judgment rulings de novo, applying the criteria of M. R. Civ. P. 56. *Pub. Lands Access Ass'n v. Bd. of Cnty. Comm'rs of Madison Cnty.*, 2014 MT 10, ¶ 15, 373 Mont. 277, 321 P.3d 38 (citation omitted). "Summary judgment is appropriate when the moving party demonstrates both the absence of any genuine issues of material fact and entitlement to judgment as a matter of law." *RN & DB, LLC v. Stewart*, 2015 MT 327, ¶ 13, 381 Mont. 429, 362 P.3d 61 (citing M. R. Civ. P. 56(c)(3)) (citation omitted). Because the parties here do not argue a dispute of any material issues of fact, we review the District Court's conclusions and applications of law for correctness. *Larson v. State*, 2019 MT 28, ¶ 16, 394 Mont. 167, 434 P.3d 241 (citation omitted).

¶9 District courts reviewing a Lakeshore Protection Act claim determine only whether a local governing body acted arbitrarily, capriciously, or unlawfully. *Cmty. Ass'n for N. Shore Conservation, Inc. v. Flathead Cnty.*, 2019 MT 147, ¶ 28, 396 Mont. 194, 445 P.3d 1195 [*CANSC*] (citing § 75-7-215, MCA). We apply the same criteria when reviewing a district court's summary judgment ruling on a Lakeshore Protection Act claim. *CANSC*, ¶ 28 (citation omitted). "In reviewing a local governing body's decisions under the arbitrary and capricious standard, we may not reverse its decision 'merely because the record contains inconsistent evidence or evidence which might support a different result.'" *CANSC*, ¶ 28 (quoting *Kiely Constr. LLC v. City of Red Lodge*, 2002 MT 241, ¶ 69, 312 Mont. 52, 57 P.3d 836). "[A] local governing body's decision is arbitrary and capricious

5

if it appears, based on the existing record, to be random, unreasonable, or seemingly unmotivated." *CANSC*, ¶ 28 (citation omitted).

## DISCUSSION

¶10 *1. Did the District Court correctly dismiss Murphy Properties' Lakeshore Protection Act claims against Painted Rocks and Lake County?*

¶11 Through the Lakeshore Protection Act ("the Act"), the Legislature required all governing bodies with jurisdiction over a statutorily defined lake to adopt regulations that establish "criteria for issuance or denial of permits for work in lakes." Section 75-7-207(1), MCA. Pursuant to the Act, Lake County adopted such regulations, called the Lake County Lakeshore Protection Regulations ("the Regulations"). Under § 75-7-204(1), MCA, a person must obtain a permit before beginning "any work that will alter or diminish the course, current, or cross-sectional area of a lake or its lakeshore." The Act requires a permit for constructing a dock. Section 75-7-204(2), MCA. Lake County's Regulations establish similar requirements. *See* Lake County, Mont. Lakeshore Protection Regulations §§ 3-1(A), 3-4(A) (Jan. 1, 2022).

¶12 The Act requires that local lakeshore protection regulations favor issuance of a permit if—during either construction or use—the project will not:

(1) materially diminish water quality;
(2) materially diminish habitat for fish or wildlife;
(3) interfere with navigation or other lawful recreation;
(4) create a public nuisance; or
(5) create a visual impact discordant with natural scenic values, as determined by the local governing body, where such values form the predominant landscape elements.

6

Section 75-7-208, MCA (titled, "Factors favoring issuance of permit"). Largely tracking the statutory language, the Regulations prohibit any proposed action that, "during either its construction or its utilization," will cause any of the statute's listed effects. Lake County Lakeshore Protection Regulations § 5-1(A).

¶13 A district court may hear and decide challenges from an "interested person for an order to restore a lake to its previous condition or to enjoin further work in a lake." Section 75-7-215(1), MCA. An interested person also may petition the court "for review of a final action of a governing body upon an application for a permit." Section 75-7-215(2), MCA.

¶14 Murphy Properties based its Lakeshore Protection Act claim on Painted Rocks' alleged interference "with navigation or other lawful recreation" under § 75-7-208(3), MCA. The dock, Murphy Properties claimed, also violated the permit's mandate that Painted Rocks "shall ensure that all measures necessary are undertaken to ensure that the proposed activities occur within the owner's property boundaries . . . and do not negatively impact easements or adjacent properties."

¶15 Because the Act does not define "navigation" or "lawful recreation," *see* § 75-7-202, MCA, the District Court considered Montana's public trust doctrine— as delineated in the Constitution, case law, and statute—in determining that Murphy Properties had not established its claims. The District Court concluded that Murphy Properties failed to establish that Painted Rocks' dock infringed on its right to navigation for recreational use of the cove's surface waters under the facts it alleged.

¶16 The Montana Constitution guarantees that "any surface waters that are capable of recreational use may be so used by the public without regard to streambed ownership or

7

navigability for nonrecreational purposes." *Mont. Coal. for Stream Access, Inc. v. Curran*, 210 Mont. 38, 53, 682 P.2d 163, 171 (1984); *see* Mont. Const. art. IX, § 3(3) ("All surface, underground, flood, and atmospheric waters within the boundaries of the state are the property of the state for the use of its people and are subject to appropriation for beneficial uses as provided by law."); § 70-1-202, MCA (The State owns "all land below the water of a navigable lake or stream."). The public trust doctrine ensures that "[t]he public has the right to use the waters and the bed and banks up to the ordinary high water mark." *Mont. Coal. for Stream Access, Inc. v. Hildreth*, 211 Mont. 29, 35-36, 684 P.2d 1088, 1091 (1984) (citation omitted). Adjoining landowners continue to own fee title in the land despite the public's right to use the bed and banks up to the high water mark. *Galt v. State*, 225 Mont. 142, 147, 731 P.2d 912, 915 (1987); *see* § 70-16-201, MCA (landowner whose property borders a navigable lake or stream "takes to the edge of the lake or stream at low-water mark"). The public's recreational use right does not include an "attendant right that such use be as convenient, productive, and comfortable as possible." *Galt*, 225 Mont. at 147, 731 P.2d at 915.

¶17 Murphy Properties argues that the District Court erred in dismissing its Lakeshore Protection Act claim because Painted Rocks' dock prevents Schaffer from accessing the Murphy Properties parcel "consistent with [his] historical uses." Murphy Properties contends that this violates the Act and the Regulations' requirement that lakeshore development not interfere with navigation or other lawful recreation. *See* § 75-7-208(3), MCA; Lake County Lakeshore Protection Regulations § 5-1(A). Murphy Properties

8

further asserts that the dock violates the permit provision ensuring that lakeshore projects will not negatively impact adjoining landowners.

¶18 Lake County responds that § 75-7-208, MCA—the statute on which Murphy Properties bases its Lakeshore Protection Act claim—requires local regulations to "*favor issuance*" if the project will not interfere with navigation or other lawful regulation, among other factors. *See* § 75-7-208, MCA (emphasis added). This statute, the County asserts, does not mandate that a local governing body must deny a permit because a proposed project will impact one of the enumerated factors. Rather, the Act gives preference to issuing a permit when a proposed project does not cause the effects listed in § 75-7-208, MCA. Lake County also notes that Murphy Properties' Lakeshore Protection Act claim rests on Schaffer's inability to drive his eighteen-foot ski boat into the cove as he did historically. Montana has not, however, adopted a "pleasure-boat test" to find navigability for recreational use. *Hildreth*, 211 Mont. at 35, 684 P.2d at 1091. Thus, Lake County contends that Murphy Properties' Lakeshore Protection Act claim must fail.

¶19 Painted Rocks asserts that Flathead Lake's water level and the size of Schaffer's boat, not the new dock, constrain Murphy Properties' access to the cove. Painted Rocks points to Schaffer's admission during his deposition that seasonal water levels limit his ability to drive into the cove with a boat. Painted Rocks notes that natural features limit access to the cove, as Murphy Properties acknowledged in its complaint that "[e]ntry to, and egress from, the cove . . . in a boat requires the navigation of submerged rocks." Schaffer further conceded that Painted Rocks' dock does not prevent him and his guests from accessing the cove in a kayak, tube, or paddleboard. Despite the new dock, Schaffer

9

can lift and push his boats with outboard motors into the cove. Ultimately, Schaffer said that Painted Rocks' dock prevents him from accessing the cove only with his eighteen-foot Glastron boat that has an inboard/outboard motor. Painted Rocks maintains that because Schaffer still can access the cove in other watercraft, the dock does not interfere with his public recreational use right. Schaffer's contention that he has a right to drive his large ski boat into the cove, Painted Rocks insists, falls outside the parameters of the public trust doctrine, which does not guarantee that access must be as "convenient, productive, and comfortable as possible." *Galt*, 225 Mont. at 147, 731 P.2d at 915.

¶20 Section 75-7-208, MCA, does not mandate denial of a permit when a project has any of the listed effects. It instead makes clear that permits are "favor[ed]" when a proposed project will *not* lead to those enumerated results. *See* § 75-7-208, MCA. Even if Painted Rocks' dock alters Murphy Properties' historical uses of the cove, the statute did not require Lake County to deny the permit on this basis alone.

¶21 Absent contrary statutory definitions, we agree that "navigation" and "lawful recreation" on Montana waters are determined by the Constitution's declaration that surface waters are the "property of the state for the use of its people," Mont. Const. art. IX, § 3(3), and informed by the public trust doctrine. The summary judgment record establishes without dispute that Schaffer and his family remain able to access the cove with a kayak, tube, paddleboard, and even boats with outboard motors. Montana's public trust doctrine contains no guarantee that—in addition to these other modes of transport— Schaffer has a right to conveniently and comfortably drive his eighteen-foot ski boat into the cove. *See Galt*, 225 Mont. at 147, 731 P.2d at 915. As Painted Rocks points out, we

10

have specifically declined to adopt a "pleasure-boat" test to determine navigability for recreational use. *Hildreth*, 211 Mont. at 35, 684 P.2d at 1091. That Schaffer no longer can drive a large boat into the cove does not answer the question whether the cove is "navigable" within the meaning of the public trust doctrine. *See Hildreth*, 211 Mont. at 35, 684 P.2d at 1091. Schaffer's recreational use right remains uninfringed if the only demonstrable impact from Painted Rocks' dock is that he is unable to enter the cove with his eighteen-foot-long ski boat.

¶22 Murphy Properties' Regulations argument rests on the Regulations' requirement that "[t]he proposed action *shall not*" cause any of the effects enumerated in § 75-7-208, MCA—implying that, given such an impact, a permit shall not issue. Lake County Lakeshore Protection Regulations § 5-1(A) (emphasis added). Even with the Regulations' more stringent requirement, the question is whether the new dock "interfere[s] with navigation or other lawful recreation." Section 75-7-208(3), MCA. As explained above, Schaffer has no public recreational use right to drive his large ski boat into the cove. *See Hildreth*, 211 Mont. at 35, 684 P.2d at 1091; *Galt*, 225 Mont. at 147, 731 P.2d at 915. Whether under the Act or the Regulations, Murphy Properties did not establish its claim that Painted Rocks' dock unlawfully interferes with its navigational or recreational use right to the cove.

¶23 The District Court did not err when it concluded that Murphy Properties could prove no set of facts in support of its Lakeshore Protection Act claim against Lake County. *See Marshall*, ¶ 6 (citation omitted). The record contains sufficient evidence to support a conclusion that the dock did not negatively impact Murphy Properties' use of the cove,

11

even if Schaffer presented contrary evidence. Murphy Properties has not demonstrated that the Lake County Board of Commissioners acted arbitrarily or capriciously when it granted the permit for Painted Rocks' dock. *See CANSC*, ¶ 28 (citation omitted). Likewise, the District Court correctly concluded that Painted Rocks was entitled to judgment as a matter of law on Murphy Properties' Lakeshore Protection Act claim. *See RN & DB, LLC*, ¶ 13 (citations omitted); *Larson*, ¶ 16.

¶24 *2. Did the District Court correctly grant Painted Rocks summary judgment on Murphy Properties' prescriptive easement and nuisance claims?*

¶25 "Prescriptive easements are based on the notion that if one uses the property of another for a certain period without permission and the owner fails to prevent such use, the prolonged usage should be treated as conclusive evidence that the use is by right." *Meine v. Hren Ranches, Inc.*, 2015 MT 21, ¶ 24, 378 Mont. 100, 342 P.3d 22 (quoting Jon W. Bruce & James W. Ely, Jr., *The Law of Easements and Licenses in Land* § 5:1, 5-2 (2014)). The party seeking to establish a prescriptive easement must demonstrate, "by clear and convincing evidence, open, notorious, exclusive, adverse, continuous, and uninterrupted use of the claimed easement for the full statutory period of five years." *Meine*, ¶ 37 (citing § 70-19-401, MCA) (citations omitted). "[F]ailure to establish any one element for prescription is dispositive of the claim." *Public Land/Water Access Ass'n, Inc. v. Robbins*, 2021 MT 75, ¶ 42 n.14, 403 Mont. 491, 483 P.3d 1102.

¶26 In *Cummings v. Canton*, the Cantons claimed that they had a prescriptive easement to use an abandoned public road over the plaintiffs' land in Ravalli County. *Cummings v. Canton*, 244 Mont. 132, 133-34, 796 P.2d 574, 574-75 (1990). We held that the open and

12

public nature of the road prevented the Cantons from establishing the adverse or exclusive elements of a prescriptive easement claim. *Cummings*, 244 Mont. at 136, 796 P.2d at 576. Exclusive use, for purposes of a prescriptive easement claim, means "that the right of the easement claimant must rest upon its own foundation[] and not depend upon a like right in any other person." *Bonnie M. Combs-DeMaio Living Trust v. Kilby Butte Colony, Inc., Corp.*, 2005 MT 71, ¶ 14, 326 Mont. 334, 109 P.3d 252 (citation omitted).

¶27 The District Court concluded that Murphy Properties could not establish the adverse use element of its prescriptive easement claim. The court reasoned that Murphy Properties had an existing right to use the waters of the cove under the public trust doctrine. Because the doctrine prevented Painted Rocks from excluding Schaffer—or any member of the public—the court ruled that Murphy Properties' use was not adverse.

¶28 Murphy Properties argues that it seeks a private prescriptive easement and therefore the law concerning public prescriptive easements does not apply. Murphy Properties asserts that its use of the cove is distinct from that of the general public because it uses the cove in conjunction with a residence. Its use also is distinct, Murphy Properties argues, because Schaffer's family dredged the inlet to the cove, which "exceed[s] the scope of the public trust easement." Murphy Properties further insists that the "District Court's ruling that Murphy Properties could not acquire a prescriptive right because Painted Rocks could not exclude [Schaffer] from that area . . . is contradicted by the fact that Painted Rocks is actually excluding [Schaffer] and his family from that area."

¶29 Citing *Bonnie M. Combs-DeMaio Living Trust*, Painted Rocks contends that Murphy Properties' infrequent dredging of the lakebed was insufficient to create a

13

prescriptive easement. *See Combs-DeMaio Living Trust*, ¶¶ 15-16 (affirming district court's ruling that using a road once a week to go to school insufficient to establish a prescriptive easement). Painted Rocks also argues that—like the party seeking a prescriptive easement over a formerly public road in *Cummings*—Murphy Properties used the cove pursuant to a public right, rendering its use neither adverse nor exclusive. *See Cummings*, 244 Mont. at 136, 796 P.2d at 576.

¶30    Notwithstanding its claim to a prescriptive easement to the underlying lakebed property, Murphy Properties' use of the land is not at issue. It sued to secure unimpeded access to the waters of the cove. Murphy Properties' use of the cove for boat access arises under a publicly held right—the public trust doctrine. *See Hildreth*, 211 Mont. at 35-36, 684 P.2d at 1091 (citation omitted). Inherently, a claim for prescriptive easement over waters that all members of the public may use is not exclusive because the general public has the same right. *See Combs-DeMaio Living Trust*, ¶ 14 (citation omitted). A party claiming a prescriptive easement must satisfy every element of the claim. *See Robbins*, ¶ 42 n.14. Because Murphy Properties could not, under any set of facts, establish an exclusive use of the seasonal waters of the cove, the District Court correctly concluded that Painted Rocks could not establish a prescriptive easement. Nor do the undisputed facts support Murphy Properties' assertion that Painted Rocks actually is excluding Schaffer and his family from the cove when they may continue to access it freely in kayaks, paddleboards, and boats with outboard motors. The failure of exclusive use being dispositive, we do not reach the parties' remaining prescriptive easement arguments.

¶31 Murphy Properties also alleged a nuisance claim against Painted Rocks. Section 27-30-101(1), MCA, defines nuisance as

> [a]nything that is injurious to health, indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or that unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake . . . is a nuisance.

Projects "done or maintained under the express authority of a statute" cannot be deemed a public or private nuisance, § 27-30-101(2), MCA, "unless the plaintiff can show: (1) that the defendant completely exceeded its statutory authority, resulting in a nuisance; or (2) that the defendant was negligent in carrying out its statutory authority, resulting in a qualified nuisance." *Barnes v. City of Thompson Falls*, 1999 MT 77, ¶ 26, 294 Mont. 76, 979 P.2d 1275.

¶32 Murphy Properties argues that Painted Rocks' dock is an absolute nuisance because its permit violated the Act. Murphy Properties asserts that its claim is not one of "qualified nuisance, requiring allegations of negligence," but "that the permit under which the dock was built violates the Act, creating an absolute nuisance." Its nuisance claim, Murphy Properties writes, "depends on whether the permit violates the Act." Because we hold that issuance of the permit did not violate the Act, and Murphy Properties' asserted claim depends on such a violation, we affirm the District Court's ruling that Painted Rocks was entitled to judgment as a matter of law.

## CONCLUSION

¶33 We affirm the District Court's rulings in favor of Lake County and Painted Rocks on all claims. Lake County complied with the requirements of the Lakeshore Protection

15

Act when it issued the permit. Painted Rocks' dock does not interfere with navigation or lawful recreation because Murphy Properties does not have a right to access the cove in its eighteen-foot ski boat when access remains otherwise unimpeded. Murphy Properties cannot establish a prescriptive easement because it could not, as a matter of law, prove exclusive use of the surface waters of the cove. The District Court correctly denied the nuisance claim because, as pleaded, it depended on Murphy Properties' Lakeshore Protection Act claim. The judgment in favor of both defendants is affirmed.

/S/ BETH BAKER

We Concur:

/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ JIM RICE